David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Attorney for Plaintiff
*Elizabeth Elliott*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH ELLIOTT,<br><br>              Plaintiff,<br><br>     v.<br><br>RENT RECOVERY SOLUTIONS, LLC,<br><br>              Defendant. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, Plaintiff Elizabeth Elliott, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the

harassment of Plaintiff by Defendant in its illegal efforts to collect a consumer debt. Jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1331.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

## PARTIES

4. Plaintiff Elizabeth Elliott ("Plaintiff") is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Rent Recovery Solutions, LLC ("Rent Recovery") is headquartered in Georgia and is doing business in the State of Nevada.

6. Upon information and belief, Rent Recovery is licensed as a "debt collector" and is in the business of purchasing debts owed to third parties or collecting debts owed to third parties and regularly attempts to collect those debts.

7. Rent Recovery uses mail, credit reporting, and instrumentalities of interstate commerce to attempt to collect the debts either owed to another creditor or purchased from another creditor, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

///

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Plaintiff allegedly incurred a financial obligation ("Debt") to Cantera at Coronado Ranch ("Cantera").

9. The Debt was for an apartment rental, and arose from services provided by Cantera which were primarily for family, personal, or household purposes, and meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned, or transferred to Rent Recovery for collection, or Rent Recovery was employed by Cantera to collect the Debt.

11. Rent Recovery attempted to collect by sending written communications to the Plaintiff via United States mail, demanding payment of the Debt in an amount for which the Plaintiff was not personally liable and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Rent Recovery Engages in Harassment and Abusive Tactics**

## FACTS

12. After incurring the Debt, Plaintiff filed for Chapter 7 Bankruptcy in the District of Nevada. Plaintiff was assigned case number 21-13090-abl ("Bankruptcy").

13. Upon information and belie, at the time the Bankruptcy was filed,

Cantera had contracted with Picerne to manage the apartment complex Plaintiff had previously resided in.

14. Plaintiff included Picerne in her amended schedules. See ECF No. 19 in the Bankruptcy, the relevant part of which is below.

| 4.11 | Picerne | Last 4 digits of account number 18193054 | $ 8,500.00 |
|---|---|---|---|
| | Nonpriority Creditor's Name | When was the debt incurred? _____ | |
| | 7600 S. Rainbow Blvd. | As of the date you file, the claim is: Check all that apply. | |
| | Number   Street | ☐ Contingent | |
| | Las Vegas NV | ☐ Unliquidated | |
| | City           State   ZIP Code | ☐ Disputed | |
| | Who owes the debt? Check one. | Type of NONPRIORITY unsecured claim: | |
| | ☑ Debtor 1 only | ☐ Student loans | |
| | ☐ Debtor 2 only | ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims | |
| | ☐ Debtor 1 and Debtor 2 only | ☐ Debts to pension or profit-sharing plans, and other similar debts | |
| | ☐ At least one of the debtors and another | ☑ Other. Specify | |
| | ☐ Check if this claim relates to a community debt | | |
| | Is the claim subject to offset? | | |
| | ☑ No | | |
| | ☐ Yes | | |

15. Picerne also received notice of the Bankruptcy when Plaintiff's bankruptcy counsel mailed her amended schedules to it. See ECF No. 19-2 in the Bankruptcy.

16. On September 21, 2021, Plaintiff received a discharge in the Bankruptcy. See ECF No. 24 in the Bankruptcy.

17. Picerne received notice of the discharge through the Bankruptcy Court's BNC noticing system. See Bankruptcy ECF No. 25, the relevant part of which is below.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

```
Case 21-13090-abl    Doc 25    Entered 09/23/21 21:46:38    Page 1 of 5

                        United States Bankruptcy Court
                             District of Nevada

In re:                                                    Case No. 21-13090-abl
    ELIZABETH MARIE ELLIOTT                               Chapter 7
         Debtor
                          CERTIFICATE OF NOTICE
District/off: 0978-2              User: admin                       Page 1 of 3
Date Rcvd: Sep 21, 2021           Form ID: 318                  Total Noticed: 26

The following symbols are used throughout this certificate:
Symbol     Definition
  +        Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
           regulations require that automation-compatible mail display the correct ZIP.
  ++       Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.P.2002(g)(4).

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 23, 2021:
Recip ID          Recipient Name and Address
db          +     ELIZABETH MARIE ELLIOTT, 5500 MOUNTAIN VISTA STREET #1511, LAS VEGAS, NV 89120-4235
aty         +     ANGELA H. DOWS, CORY READE DOWS & SHAFER, 1333 NORTH BUFFALO DR., STE 210, LAS VEGAS, NV 89128-3636
aty         +     CHAD M. GOLIGHTLY, FAIR FEE LEGAL SERVICES, 8665 SOUTH EASTERN AVE, STE 101, LAS VEGAS, NV 89123-2802
cr          +     ONE NEVADA CREDIT UNION, CORY READE DOWS & SHAFER/ANGELA H. DOWS, 1333 NORTH BUFFALO, STE 210, LAS
                  VEGAS, NV 89128-3636
11510984    +     APPLE CARD/GS BANK USA, LOCKBOX 6112 PO BOX 7247, PHILADELPHIA, PA 19170-0001
11510986    +     COX COMMUNICATIONS, 6205-B PEACHTREE DUNWOODY ROAD, ATLANTA, GA 30328-4524
11517667    +     GOLDMAN SACHS BANK, P.O. BOX 7247, PHILADELPHIA , PA 19170-0001
11510990    +     MOHELA/DEPT OF ED, 633 SPIRIT DR, CHESTERFIELD, MO 63005-1243
11530105    +     PICERNE, 7600 S. RAINBOW BLVD., LAS VEGAS, NV 89139-5481
```

18. As a result of the Bankruptcy and discharge therein, Plaintiff was no longer legally liable for the debt. It was also illegal for Cantera, Picerne, or any subsequent entity to make any attempt to collect on the Debt.

19. However, Rent Recovery attempted to collect the Debt after Plaintiff's discharge in the Bankruptcy.

20. Specifically, Rent Recovery sent a letter dated September 30, 2021, in which it demanded Plaintiff pay it $7,275.34. Rent Recovery threatened collection activity against Plaintiff if she did not pay the (now discharged) Debt, as ween below.

> **Settlement Offer**
>
> **Your Settlement Offer**
>
> RENT RECOVERY SOLUTIONS
>
> Date: 09/30/21
> Creditor: THE CANTERA
> File No:
> Balance Owed: $7,275.34
>
> STATEMENT DATE 09/30/21
> FILE NO.
> SETTLEMENT AMOUNT $5820.27
>
> Dear ELIZABETH M. ELLIOTT,
>
> Rent Recovery Solutions, LLC has received authorization from THE CANTERA to present to you a limited time offer of discount. We recommend you seriously consider this offer, as it will satisfy your obligation to THE CANTERA.
>
> Current Balance: $7,275.34
> Discount Offer: $5820.27
> Cash Savings: $1455.07
>
> This discount offer is time sensitive. Funds in the full discount offer amount must be received by this office no later than 10-30-2021 in order to receive this discount and the credit reporting advantage. After that date, we will continue collection activity against you for the full amount.
>
> We are not obligated to renew this offer.
>
> If you are unable to raise this discount amount, but are concerned about your credit standing, you may call one of our representatives to work out a reasonable payment plan on the full amount owed. Our representative will listen to you with respect and courtesy, and work with you in good faith to put this matter behind you.
>
> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.
>
> Sincerely,
>
> Account Representative
>
> To Pay Visit
> www.rentrecoverysolutions.com/pay-now
> or call 866-949-1379

21. However, at the time Rent Recovery sent the collection letter, the Debt was not enforceable against Plaintiff, and Rent Recovery's threats were both toothless and illegal. Rent Recovery could not take any of the collection actions it threatened in the letter.

## C. Plaintiff Suffered Actual Damages

22. Plaintiff has suffered and continues to suffer actual damages as a result of Rent Recovery's unlawful conduct.

23. As a direct consequence of Rent Recovery's acts, practices, and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety,

1  emotional distress, fear, frustration, and embarrassment.  Plaintiff fears Rent
2  Recovery will take actions to collect on the Debt, which Plaintiff believed she had
3  discharged in the Bankruptcy.

4  24. Plaintiff also fears the benefit of the Bankruptcy has been lost if Rent Recovery is permitted to collect on an account Plaintiff scheduled and discharged.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendant's conduct violated 15 U.S.C. § 1692c(c) in that Defendant engaged in communication with Plaintiff after written notification that Plaintiff refuses to pay the Debt, or that Plaintiff requested Defendant to cease communication with Plaintiff.

27. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

28. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant engaged in false, deceptive, or misleading behavior in connection with the collection of a debt.

29. Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant

misrepresented the amount of the Debt owed by Plaintiff and attempted to have Plaintiff pay more than the Debt owed to Creditor.

30. Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take action against Plaintiff which it could not legally take or did not intend to take in collection of a debt.

31. Defendant's conduct violated 15 U.S.C. § 1692e(8) in that Defendant communicated or threatened to communicate false credit information, including the failure to communicate that the Debt was "disputed", in an attempt to collect a debt.

32. The foregoing conduct relating to these FDCPA claims is not predicated on a violation of a discharge order, nor does Plaintiff seek relief for violation of a discharge order. Conversely, these FDCPA claims are predicated on Defendant's misrepresentations of the amount owed through Defendant's collection communications and debt collection efforts regarding the Debt.

33. Unlike the plaintiff in Walls v. Wells Fargo Bank, N.A., 276 F.3d 502 9th Cir. 2002), Plaintiff herein is not alleging under this Count that Defendant engaged in unfair and unconscionable collection practices, which are forbidden by the FDCPA, by trying to collect a debt in violation of the discharge injunction. Instead, Plaintiff raises an entirely different claim based on Defendant's misrepresentation of the amount actually owed on the Debt, which is a legally and

factually distinct claim from Walls' allegations of FDCPA violations flowing from a creditor's discharge violations.  Neither is Plaintiff seeking redress under any provision of the Bankruptcy Code as none exists to provide a remedy for Defendant's collection misrepresentations.

34. Plaintiff is not seeking a private right of action under the Bankruptcy Code as there is no independent basis under the Bankruptcy Code to provide redress to Plaintiff for Defendant's misrepresentation of the correct and lawful amount of the Debt.

35. Plaintiff also does not suggest that the Bankruptcy Code may be used to create substantive rights for a private right of action thereunder for Defendant's FDCPA collection violations.  These FDCPA claims are remote from the Bankruptcy Code and operate as their own independent claims under non-bankruptcy law.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

37. Plaintiff is entitled to damages as a result of Defendant's violations.

38. Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award of reasonable attorneys' fees plus costs incurred.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, awarding Plaintiff:

## COUNT I.

## VIOLATIONS OF 15 U.S.C. § 1692

1. actual damages including, but not limited to, the emotional distress Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2. statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. punitive damages; and

4. any other and further relief the Court may deem just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 13, 2021

                                    Respectfully submitted,

                              By    /s/ David Krieger, Esq.
                                       David Krieger, Esq.
                                       Nevada Bar No. 9086
                                       Shawn Miller, Esq.
                                       Nevada Bar No. 7825
                                       KRIEGER LAW GROUP, LLC

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com